IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID M. LORIAUX                                                           PLAINTIFF

v.                               Civil No. 04-3069

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                             DEFENDANT

# MEMORANDUM OPINION

Plaintiff David M. Loriaux brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance and supplemental security income benefits.

Plaintiff claims disability as of September 8, 2000, due to mental impairment. His applications were denied initially and on reconsideration. A hearing de novo was held before an administrative law judge (ALJ) on December 4, 2003. Plaintiff, represented by counsel, appeared and testified and called witnesses, including his wife and a cousin. On April 8, 2004, the ALJ issued his decision finding that plaintiff was not disabled. The Appeals Council denied review.

Plaintiff is 34 years old (DOB 3/17/71). He has past work history as a car detailer and worker at a chicken plant. He lives with his wife and two children on a two-acre rental property. At an early age, plaintiff was diagnosed with hyperactivity and prescribed retalin. He dropped out of school in the eighth grade. He was a special education student. Testing in the seventh grade showed he performed very poorly in national testing. Plaintiff has been diagnosed with ADHD and has tried various medications. There is no indication he has routinely taken any certain medication for an

extended time period. He regularly smokes pot and occasionally drinks up to six beers at one sitting. He also smokes cigarettes.

At the hearing before the ALJ, plaintiff said the main thing that keeps him from working is his inability to interact with others. Although he takes care of his children while his wife works and goes out of the house on occasion, he described an isolated existence for the most part and stated his anxiety and racing mind keep him from doing much in the day or from sleeping more than two hours a night. He was reluctant to admit to any activities he does perform, such as cutting his lawn with a riding mower in the summer and accompanying his wife to the store. His wife offered that he does not like to get up in the morning or take orders and has trouble finishing projects.

On September 8 and 9, 2000, plaintiff was seen at the Ozark Guidance Center (OGC) complaining of depression and ADHD. He said he gets angry all the time and cannot hold a job, is no good in social situations, dreams of tornadoes and destruction, was diagnosed with obsessive-compulsive disorder and ADHD, and has been on medication in the past. He has been seen on various occasions at OGC since and has been prescribed different medications, including Xanax, Wellbutrin, Clonidine, Concerta, Depakote, Effexor, Adderal, and Seroquel. However, the medical records reflect that plaintiff has not taken one medication on a regular basis. He has participated in talk therapy and been advised of relaxation techniques. At times, improvements are noted with medications. At other times, plaintiff complained about side-effects or lack of effectiveness of medications and quit taking them, then asked for other medications. He has gone to doctors in crisis mode complaining he feels like he's going to explode and stated he has a short temper. He has continued to use marijuana four times a week. He has tried to curb or stop drinking alcohol at times.

A treating physician at OGC is psychiatrist Dr. Donald Clay. On August 4, 2003, Dr. Clay completed a form concerning the nature and severity of plaintiff's mental impairments. The form directed Dr. Clay not to include any limitations which he believed resulted from alcoholism and or drug addiction, meaning not to include limitations that would go away if the individual stopped using drugs or alcohol. In the categories of Understanding and Memory and Sustained Concentration and Persistence, Dr. Clay gave marks of "markedly limited," the highest degree of limitation. In the category of Social Interactions, Dr. Clay gave plaintiff marks of "markedly limited" in six areas and "moderately limited" in four areas. Dr. Clay advised that plaintiff had these limitations for at least 12 years.

On January 9, 2003, plaintiff was seen for a consult examination by psychologist Dr. Jeanne H. Curtis. Plaintiff complained of racing thoughts, lack of focus, poor social skills, loss of interest in jobs, and no drive to stick to tasks. He stated he was taking Adderall and Seroquel. Dr. Curtis noted he had trouble being still during the interview, spoke at a fast pace, had difficulty concentrating, and was not persistent when faced with difficult tasks. Plaintiff reports his medication helped his mood but he was still depressed and angry. He slept two hours a night and had no friends. Dr. Curtis found his intellectual functioning to be an estimated IQ of 80 or greater. She diagnosed ADHD, marijuana dependence, alcohol dependence, and dysthymic disorder. The prognosis was "guarded" with appropriate intervention.

At the hearing, the ALJ provided a hypothetical to a vocational expert (VE) of an individual with plaintiff's background and characteristics who could perform a full range of medium work. Non-physical limitations include only incidental contact with the general public, no constant or overriding supervision, and simple one or two-step tasks. The VE stated that based on the

hypothetical, the person could perform plaintiff's past work of automobile detailer or chicken plant worker. The ALJ added the additional limitation of being task driven, not production driven, and the VE responded that the individual could perform the job as an automobile detailer but not a chicken production plant worker. On questioning from plaintiff's attorney, the VE stated that if a hypothetical person's limitations were as stated in the medical source statement completed by Dr. Clay, that individual would be precluded from employment entirely.

This court's review is limited to whether the decision of the Commissioner to deny benefits to the plaintiff is supported by substantial evidence on the record as a whole. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence sin the record to support a contrary decision. *See Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

To be eligible for disability insurance benefits, a claimant has the burden of establishing the existence of a disability under the Act. 42 U.S.C. § 423(a)(1)(D). To meet this burden, the claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) that this inability results from the impairment. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the familiar five-step sequential evaluation to determine disability: (1) whether the claimant is presently engaged in a "substantial gainful activity;" (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic

work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998).

In his opinion, the ALJ did not specify exactly what he considered to be "severe" impairments. He stated that plaintiff has a history of minor or acute complaints of pain controlled or resolved, including tenosynovitis of the right arm in 1999. He also stated that plaintiff has made consistent complaints of ADHD, "exacerbated by a long history of alcohol and drug abuse." He added that medications proved effective when taken regularly or as prescribed but that plaintiff failed to adhere to the medication regimen. The ALJ found that plaintiff's "severe impairments" did not meet or equal an impairment in the Listing of Impairments. The ALJ further found that plaintiff retained the residual functional capacity (RFC) to perform his past work. He stated that there was no medical evidence showing any physical abnormality. He discounted plaintiff's version of his ADHD condition, stating that but for plaintiff's drug and alcohol abuse and failure to take medication, plaintiff would have either no or moderate restrictions on his abilities to work. He discounted Dr. Clay's Medical Source Statement, stating it was in conflict with other evidence showing that plaintiff was stabilized on medication.

The ALJ failed in his approach to plaintiff's alcohol and drug abuse. The total of a claimant's limitations, "including the effects of substance use disorders" are to be considered in determining disability; if the ALJ finds disability, he is then to "consider which limitations would remain when the effects of the substance use disorders are absent." *Brueggemann v. Barnhart*, 348

F.3d 689, 694-95 (8th Cir. 2003). *See* 20 C.F.R. § 404.1535. Here, the ALJ arrived at plaintiff's RFC by excluding rather than including plaintiff's drug and alcohol abuse. However, only after an ALJ has made an initial determination that plaintiff is disabled, that drug or alcohol use is a concern, that substantial evidence shows what limitations would remain in the absence of drug or alcohol use, may an ALJ reach a conclusion that the plaintiff's substance abuse disorders are a contributing factor material to the determination of disability. *Id.* At 695.

By separate order, this case will be reversed and remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should direct questions to Dr. Clay to clarify his Medical Source Statement, in particular to inquire as to what findings support his conclusions, whether plaintiff's use of medication was considered in arriving at the responses, whether and/or to what degree plaintiff's noted limitations would improved with maintenance of a medication regimen, and whether and to what degree plaintiff has alcohol and drug disorders. Further, Dr. Curtis should be required to complete a Medical Source Statement and provide the same documentation in support as Dr. Clay.

DATED this 29th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE